UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>SEAN LUCAS COWGILL, JUANCHO TANGO ANDRES, and GUADALUPE NIEVES, JR.,<br><br>    Defendants | Case No.: 13-CR-00482 YGR<br><br>**TRIAL SETTING ORDER** |

The Indictment filed on July 23, 2013 charges: Counts One through Three against defendant Cowgill for wire fraud under 18 U.S.C. § 1343; Counts Four through Thirteen against all defendants for wire fraud under 18 U.S.C. § 1343; Counts Fourteen through Sixteen against defendant Cowgill for aggravated identity theft under 18 U.S.C. § 1028(a)(a)(1) and (c)(5); and Counts Seventeen through Twenty-Four against defendant Andres for aggravated identity theft under 18 U.S.C. § 1028(a)(a)(1) and (c)(5); and Count Twenty-Five against defendant Nieves for aggravated identity theft under 18 U.S.C. § 1028(a)(a)(1) and (c)(5).

On February 13, 2014, this Court set a trial in the above-captioned action to commence on August 25, 2014. On March 20, 2014, the Court issued an Order for CJA Appointment of Attorney for Sean Lucas Cowgill. On April 8, 2014, the Court convened a conference to discuss the status of the case and set a trial date of January 26, 2015 understanding that counsel for defendant Sean Cowgill was new to the case. The Court agreed to set another status conference date and confirm whether the January trial date was doable for defendant Cowgill. On July 24, 2014, the Court held the

referenced status conference.  Having considered the record in this action, the arguments of all parties, and, for good cause shown, the Court hereby confirms the trial date and **ORDERS AS FOLLOWS**:

1. **Trial Date and Schedule:**   The trial of this matter is scheduled for to begin on January 26, 2015 at 8:30 a.m. in Courtroom 1 of the above-referenced Court.  Trial is estimated to last ten (10) court days.  Trial schedule will be generally as follows, Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.  Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.  Side bars are not permitted.  Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours.

2. **Pre-Trial Conference:**
   a. A pre-trial conference shall be held on Friday, January 9, 2015 at 9:30 a.m.
   b. The parties shall comply with Local Rule 17.1-1(b) and the Court's Standing Order in Criminal Cases and shall meet and confer re the same no later than December 12, 2014.  The parties shall file the pretrial conference statement addressing all fifteen (**15)** issues identified therein and all related filings by December 19, 2014.

3. **Motions in Limine:**

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

   a. The parties shall serve, **but not file,** motions in limine by October 22, 2014.  The parties shall serve, **but not file,** any oppositions thereto by October 29, 2014.  The parties shall then meet and confer to resolve the motions.  Any motions not resolved shall then be filed with a reply by November 10, 2014.  The parties shall

submit a JOINT CHAMBERS set including both the motion and the respective opposition. The proponent of the motion shall also submit a COMPREHENSIVE proposed form of order summarizing each motion and the requested relief.

b. A Hearing on the motions shall occur on Friday, November 21, 2014 at 10:30 a.m.

c. Court hereby orders that witnesses shall be excluded until testimony is completed. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

4. **Exhibits and Exhibit Lists:**

No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

To the extent agreed upon, the parties shall file Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. When printing and providing these documents to the Court, please use the "portrait" orientation only. (Do not use "landscape" orientation.) A sample format is provided below:

| Ex. No. | Description | Sponsoring Witness | Stipulation to Admit | Objection | Date Admitted |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3

Physical evidence must also be pre-marked. For purposes of the Court's binder of anticipated exhibits referenced in paragraph 2 above, a picture of the exhibit should be taken and placed in the binder.

Parties are advised to review their exhibits critically and determine whether sub-designations are appropriate for both the record and rulings on any potential objections. For instance, if an exhibit consists of a series of pictures, rather than designate the exhibit collectively as Exhibit 1, each picture should have a designation, *i.e.* Exhibit 1-A, 1-B, 1-C, 1-D, 1-E and 1-F.

5. **Equipment:** Computers, projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so. Marshals require court order to allow equipment. Any party needing such an order must file a request and proposed order.

6. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure.

This Order terminates docket 73.

**IT IS SO ORDERED.**

Date: August 4, 2014

_____
**HON. YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4